| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | Jason A. Bylow | Telephone: (734) 676-2972 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.
Jose HERNANDEZ-PEREZ

Case: 2:19-mj-30336
Judge: Unassigned,
Filed: 06-13-2019 At 10:28 AM
USA v. JOSE HERNANDEZ-PEREZ(CMP)(MLW)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 7, 2019__ in the county of __Monroe__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Unlawful Re-entry after Removal from the United States |

This criminal complaint is based on these facts:

On or about June 7, 2019, at or near Monroe, Michigan, in the Eastern District of Michigan, Southern Division, Jose HERNANDEZ-PEREZ, an alien from Mexico was found in the United States after having been denied admission, excluded, deported, and removed therefrom on or about May 10, 2013 at Nogales, Arizona and not having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

☑ Continued on the attached sheet.

_Complainant's signature_

Jason A. Bylow, Border Patrol Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 13, 2019

_Judge's signature_

City and state: Detroit, Michigan

Anthony P. Patti, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jason A. Bylow, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. I have been employed in this capacity since July 2009. Currently, I am assigned to the Gibraltar Border Patrol Station. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Jose HERNANDEZ-PEREZ, which attests to the following:

2. HERNANDEZ-PEREZ is a 30-year-old male, native and citizen of Mexico, who last entered the United States at an unknown place, on an unknown date without being admitted, inspected or paroled by an Immigration Officer.

3. HERNANDEZ-PEREZ has previously utilized an alternate date of birth of March XX, 19XX.

4. On May 9, 2013, HERNANDEZ-PEREZ was arrested by the U.S. Border Patrol near Cowlic, Arizona, and he was processed as an Expedited Removal. On May 10, 2013, HERNANDEZ-PEREZ was ordered removed by a designated immigration official, and on the same date, he was removed from the United States to Mexico at Nogales, Arizona. HERNANDEZ-PEREZ used the alternate date of birth of March XX, 19XX during this encounter.

9. On June 7, 2019, HERNANDEZ-PEREZ was encountered by the U.S. Border Patrol near Monroe, Michigan. HERNANDEZ-PEREZ freely admitted he was a citizen of Mexico who had illegally entered the United States after having been previously removed. HERNANDEZ-PEREZ was placed under administrative arrest and transferred to the Gibraltar Border Patrol Station for processing.

11. HERNANDEZ-PEREZ's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS). The results revealed that HERNANDEZ-PEREZ is a citizen of Mexico who has been previously removed from the United States. The record checks did not provide any evidence that HERNANDEZ-PEREZ legally entered the United States or had been issued any legal immigration document to allow him to enter or remain the United States.

12. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

13. Review of the Alien File (A# xxx xxx 707) for Jose HERNANDEZ-PEREZ and queries in U.S. Border Patrol computer databases confirm no record exists of HERNANDEZ-PEREZ obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States following his removal on May 10, 2013.

14. Based on the above information, I believe there is probable cause to conclude that Jose HERNANDEZ-PEREZ is an alien who was found in the United States after removal, without the express permission from the Attorney General of the United States or from the Secretary of the Department of Homeland Security to re-apply for admission into the United States in violation of Title 8, United States Code, Section 1326(a)(1).

_____
Jason A. Bylow, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____  June 13, 2019
Honorable Anthony P. Patti
United States Magistrate Judge

2